IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ILENE ROSALIA VALDEZ,<br><br>　　　　　Plaintiff,<br>v.<br><br>SALT LAKE CITY POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING<br><br>Case No. 2:13-cv-1135-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

*Pro se* Plaintiff Ilene Rosalia Valdez ("Plaintiff"), proceeding *in forma pauperis* filed her Complaint in this case on January 6, 2014.[1] On January 8, 2014, District Judge Robert J. Shelby referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Before the Court is Plaintiff's Motion to Appoint Counsel[3] and Motion for Service of Process.[4] The Court has carefully reviewed these Motions and for the reasons set forth more fully below, **DENIES** Plaintiff's Motion to Appoint Counsel and **GRANTS** Plaintiff's Motion for Service of Process.

## ANALYSIS

Plaintiff brings this case against the Salt Lake City Police Department and two of its officers alleging violations of her constitutional rights. Specifically, Plaintiff alleges two causes of action under the 4th and 14th Amendments to the U.S. Constitution. In essence, Plaintiff's allegations stem from a search of her home by officers in relation to the arrest of Plaintiff's son for "armed burglary" charges.

---

[1] Docket no. 2.
[2] Docket no. 6.
[3] Docket no. 4.
[4] Docket no. 5.

A. **Plaintiff's Motion to Appoint Counsel**

Generally, as a civil litigant, Plaintiff has no constitutional right to counsel.[5] 28 U.S.C. § 1915, which pertains to proceedings *in forma pauperis* ("IFP Statute"), provides "[t]he court may request an attorney to represent any person unable to afford counsel."[6] However, the appointment of counsel under this statute is within the discretion of the court.[7] "The burden is upon the applicant requesting counsel to convince the court that there is sufficient merit to his [or her] claim to warrant the appointment of counsel."[8] When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his [or her] claims, and the complexity of the legal issues raised by those claims.'"[9]

At the outset, the Court notes Plaintiff's motion does not provide any reasons as to why this Court should appoint counsel in this case. However, in undertaking the analysis of the foregoing factors with regard to appointment of counsel under the IFP Statute, the Court is mindful that Plaintiff is proceeding *pro se* and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[10]

In considering the foregoing factors, including the nature of the factual issues presented in Plaintiff's Complaint, the Court concludes for purposes of proceeding at this preliminary juncture, Plaintiff has presented an adequate legal and factual basis to persuade the Court that

---

[5] See Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989)(citing Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969)).
[6] 28 U.S.C. § 1915(e)(1).
[7] See McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).
[8] Id. (citing U.S. v. Masters, 484 F.2d 1251, 1253 (10th Cir. 1973).
[9] Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)(quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).
[10] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(internal citations omitted); see also Ledbetter 318 F.3d 1183, 1187 (10th Cir. 2003).

Plaintiff's claims are plausible and rise above the speculative level.[11] However, the nature of the factual issues contained in Plaintiff's Complaint are not overly complex. Further, although Plaintiff claims to have been "traumatized" and having anxiety and nightmares over the facts underlying this lawsuit, the Court does not find Plaintiff to be incapacitated or unable to adequately pursue this matter at this stage in the litigation. Therefore, on balance, the Court finds Plaintiff has not persuaded the Court that counsel is required at this time and DENIES Plaintiff's Motion for Appointment of Counsel.

### B. Plaintiff's Motion for Service of Process

When a case is proceeding under the IFP statute, the officers of the Court are required to issue and serve all process and perform all duties related to service of process.[12] Based upon review of the Complaint, and the Court's finding that the Complaint has presented plausible causes of action, the Court concludes that official service of process is warranted and GRANTS Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1) Plaintiff's Motion to Appoint Counsel[13] is **DENIED**. However, if, after the case develops further, it appears that counsel may be needed, without further prompting from Plaintiff, the Court will ask an attorney to appear pro bono on Plaintiff's behalf. <u>No further motions for appointed counsel shall be accepted by the Court</u>.

2) Plaintiff's Motion for Service of Process[14] is **GRANTED**. Pursuant to 28 U.S.C. § 1915 (d), "the officers of the court shall issue and serve all process" in this case.

---

[11] See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007)(internal citations omitted).
[12] See 28 U.S.C. § 1915(d).
[13] Docket no. 4.
[14] Docket no. 5.

3

DATED this 22 January 2014.

_____
Brooke C. Wells
United States Magistrate Judge