IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ILENE ROSALIA VALDEZ,<br><br>　　　　　　Plaintiff,<br>v.<br><br>SALT LAKE CITY POLICE DEPARTMENT, BRANDON HOPKINS, and KRISTOPHER JEPPSEN,<br><br>　　　　　　Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:13-cv-1135-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

　　　　District Judge Robert J. Shelby has referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the Court is Defendants Salt Lake City Police Department, Salt Lake City Corporation,[2] Brandon Hopkins and Kristopher Jeppsen's (hereinafter referred to collectively as "Defendants") Motion for Sanctions.[3]  In this Motion, Defendants seek dismissal of Plaintiff's case with prejudice pursuant to Rule 37 of the Federal Rules of Civil Procedure.[4]

　　　　To date, Plaintiff, who is proceeding *pro se*, has failed to file a response to Defendants' Motion for Sanctions and the time for such filing has now lapsed.[5]  The court has carefully reviewed the Motion and memoranda submitted by Defendants.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah's Rule of Practice, the Court elects to

---

[1] Docket no. 6.
[2] In the Motion for Sanctions, Defendants indicate "[w]hile it is not entirely clear whether Plaintiff intended to name [Salt Lake City] as a defendant in addition to the individual police officers, in an abundance of caution, and because Plaintiff is acting pro se, the City has construed the complaint most liberally to include the City as a named defendant."
[3] Docket no. 26.
[4] See F.R.C.P. 37(b)(2)(A)(v).
[5] See docket no. 27.

determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.[6]

## BACKGROUND

Plaintiff brings this case alleging violations of her constitutional rights. Specifically, Plaintiff alleges two causes of action under the 4th and 14th Amendments to the U.S. Constitution. In essence, Plaintiff's allegations stem from a search of her home by officers in relation to the arrest of her son for "armed burglary" charges.

On January 6, 2014, Plaintiff Ilene Rosalia Valdez ("Plaintiff") who is proceeding *in formal pauperis*[7] filed the Complaint in this case.[8] Defendants answered the Complaint on March 28, 2014.[9] On June 4, 2014, an Initial Pretrial Conference was held. Plaintiff was not present at this hearing after being given notice.[10] Thereafter, on June 5, 2014, the Court entered the Scheduling Order governing the case.[11] The Scheduling Order set March 15, 2015 as the last day to serve written discovery.[12] The fact discovery cutoff is April 28, 2015.[13]

On October 8, 2014, following receipt of Plaintiff's Initial Disclosures, Defendants served their First Set of Discovery Requests upon Plaintiff.[14] Responses to the discovery requests were due on November 11, 2014.[15] When no responses were received from Plaintiff and after numerous informal attempts to obtain responses, Defendants filed a Motion to Compel.[16] Plaintiff failed to file a response to the Motion to Compel.

---

[6] See DUCivR 7-1(f).
[7] Docket no. 2.
[8] Docket no. 3.
[9] Docket no. 14.
[10] Docket no. 21.
[11] Docket no. 22.
[12] Id.
[13] Id.
[14] Docket no. 26 at p. 2.
[15] Id.
[16] Docket no. 23.

2

On February 13, 2015, the Court granted Defendants' Motion to Compel.[17] Plaintiff was ordered to provide responses to Defendants' discovery requests within 14 days from the date the order was issued. Plaintiff was also cautioned that if she failed to submit the discovery responses within the specified time period, the unanswered requests for admission would be deemed admitted due to lack of response. In addition, Plaintiff was further cautioned that failure to comply with the Court's Order may result in the Court issuing further sanctions including dismissal of Plaintiff's claims.

Plaintiff did not timely respond to Court's Order granting Defendants' Motion to Compel and to date, no discovery responses have been received by Defendants. Therefore, Defendants are seeking dismissal of Plaintiff's claims against them for failing to obey the Court's previous Order and to provide discovery.

## DISCUSSION

Defendants assert that dismissal of Plaintiff's Complaint with prejudice is an appropriate sanction in this matter. Under rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, a court may dismiss an action if a party fails to obey a discovery order.[18]

At the outset, the Court is cognizant "that dismissal represents an extreme sanction" and is only appropriate "in cases of willful misconduct."[19] In cases where dismissal is sought for violation of a Rule 37, the 10th Circuit has identified five factors courts should consider before dismissing an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for

---

[17] Docket no. 25.
[18] F.R.C.P. 37(b)(2)(A)(v)("If a party…fails to obey an order to provide or permit discovery…the court may…dismiss [] the action or proceeding in whole or in part.")
[19] Ehrenhaus v. Reynolds, 965F.2d 916, 920 (10th Cir. 1992).

noncompliance; and (5) the efficacy of lesser sanctions."[20]  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits is dismissal an appropriate sanction."[21]

Moreover, the 10th Circuit has also recognized that in cases like the instant case, where a party appears pro se, "the court should carefully assess whether it might appropriate to impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation."[22]  However, the Court notes that pro se litigants are subject to the same procedural rules that govern other litigants.[23]

### a) Prejudice

Plaintiff's actions in this case have caused prejudice to Defendants in so far as it has caused the case to virtually come to a halt.  The discovery requests were served on Plaintiff over five months ago.  Defendants have repeatedly attempted to obtain discovery from Plaintiff both with and without court assistance. Plaintiff has had more than adequate time to respond or inform the Court why the responses are delayed.  These actions demonstrate Plaintiff has prejudiced Defendant in defending their case and in perhaps reaching a resolution of Plaintiff's claims.

### b) Interference with Judicial Process

Plaintiff's actions have caused interference with the judicial process.  When Plaintiff failed to comply with a direct Order from this Court, Plaintiff flouted the court's authority.  As noted by the district judge in Ehernhaus, if a party can "ignore court orders…without suffering

---

[20] Id. at 920-921 (internal citations and quotations omitted).
[21] Id. at 921.
[22] Id. at 920, fn. 3.
[23] Creative Gifts, Inc. v. UFO, 235 F.3d 540, 549 (10th Cir. 2000).

the consequences, then the district court cannot administer orderly justice, and the result would be chaos."[24]

### c) Culpability

As a pro se litigant, Plaintiff's failures to follow Court protocols may stem from a lack of familiarity with the judicial process.  However, despite warnings both from the Court and Defendants' counsel regarding the importance of responding to Defendants' discovery requests, Plaintiff has offered no response nor objection to the discovery requests or really any explanation for her failure to respond or be an active participant in this litigation.  Accordingly, the Court finds Plaintiff's actions establish a willful course of conduct.

### d) Advance Warning

The Court's February 13, 2015 Order specifically warned Plaintiff that if she has failed to respond to Defendants' discovery requests, the Court may issue further sanctions including dismissal of her case.[25]  Despite this warning, Plaintiff failed to produce a single document, provide any responses to Plaintiff's discovery requests or failed to respond to any of Defendants' Motions.  Therefore, the Court finds Plaintiff had adequate advance warning that her case may be subject to dismissal.

### e) Efficacy of Lesser Sanctions

The history of this case demonstrates that lesser sanctions would not have sufficient efficacy.  Plaintiff has failed to provide the Court with sufficient evidence that she has ever intended to pursue her case.   Plaintiff failed to appear for her Initial Pre-trial Conference after being given ample opportunity, failed to provide discovery responses, failed to respond to Defendants' Motions, and most importantly, failed to follow Court orders which warned her that

---

[24] Ehernhaus, at 921.
[25] Docket no. 25.

dismissal of her case may occur if she did not provide responses to Defendants' discovery requests.

In sum, the Court is cognizant of the Plaintiff's status as a pro se litigant and recognizes the 10th Circuit's reluctance to dismiss claims in favor of other sanctions. However, in the instant case, Plaintiff was on notice that noncompliance with the Court's order compelling her to comply with discovery would likely result in dismissal. Despite this warning, Plaintiff intentionally failed to comply or provide any response to the Defendants' Motion for Sanctions. Evidence in the record also demonstrates Plaintiff's intentional non-cooperation in the prosecution of her case lends support to the Court's recommendation that this case be dismissed. Therefore, on balance, as explained above, the Ehrenhaus factors favor dismissal in this case.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendants' Motion for Sanctions be **GRANTED** and the District Court **DISMISS** *with prejudice* Plaintiff's case for failing to obey the Court's previous Order and to provide discovery.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[26] A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any

---

[26] See 28 U.S.C. §636(b)(1).

request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

        DATED this 26 March 2015.

                              Brooke C. Wells
                              United States Magistrate Judge